1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BRIAN KEITH BRIM,                          No. 2:19-cv-1682 KJN P

12                  Petitioner,

13        v.                                     ORDER AND FINDINGS AND
                                                 RECOMMENDATIONS
14   PAUL THOMPSON,

15                  Respondent.

16

17   I.  Introduction

18          Petitioner, a federal prisoner proceeding pro se, filed a petition for a writ of habeas corpus

19   pursuant to 28 U.S.C. § 2241.  Petitioner paid the filing fee.  Petitioner asks the court to reopen

20   his underlying federal criminal case and appoint counsel so that petitioner may address the

21   sentencing court in person.  (ECF No. 1 at 7.)  As discussed below, the undersigned finds that the

22   petition should be summarily dismissed for lack of jurisdiction.

23   II.  Jurisdiction

24          A federal prisoner who wishes to challenge the validity or constitutionality of his federal

25   conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence

26   under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988); see also

27   Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006), cert. denied, 549 U.S. 1313 (2007).  In

28   such cases, only the sentencing court has jurisdiction.  Tripati, 843 F.2d at 1163.  Generally, a

                                               1

1  prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a

2  writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470

3  (9th Cir. 1991); Tripati, 843 F.2d at 1162.

4      On the other hand, a prisoner challenging the manner, location, or conditions of that

5  sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in

6  the district where the petitioner is in custody.  Stephens, 464 F.3d at 897; Hernandez v. Campbell,

7  204 F.3d 861, 864-65 (9th Cir. 2000) (per curiam).  "The general rule is that a motion under 28

8  U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his

9  detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a

10  petition under 28 U.S.C. § 2241."  Stephens, 464 F.3d at 897 (citations omitted).

11      An exception exists by which a federal prisoner may seek relief under § 2241 if he can

12  demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity

13  of his detention."  United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting 28 U.S.C.

14  § 2255).  The Ninth Circuit has recognized that it is a very narrow exception.  Ivy v. Pontesso,

15  328 F.3d 1057, 1059 (9th Cir. 2003).  Usually, the remedy under § 2255 will not be deemed

16  inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy

17  under that section is procedurally barred.  See Aronson v. May, 85 S. Ct. 3, 5 (1964) (a court's

18  denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at

19  1162-63 (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition

20  inadequate).

21      The Ninth Circuit has held that Section 2255 provides an 'inadequate and ineffective'

22  remedy (and thus that the petitioner may proceed under Section 2241) when the petitioner:

23  (1) makes a claim of actual innocence; and, (2) has never had an 'unobstructed procedural shot' at

24  presenting the claim.  Stephens, 464 F.3d at 898.  The burden is on the petitioner to show that the

25  remedy is inadequate or ineffective.  Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

26  III.  Discussion

27      Here, petitioner does not challenge the manner, location or conditions of the execution of

28  his sentence.  Rather, petitioner challenges the legality of his sentence, which he appears to claim

was amended by the district court on July 19, 2013, in <u>United States v. Brim</u>, No. SA CR 93-00098 LHM (C.D. Cal. July 19, 2013).[1]  In such order, the Central District denied petitioner's fifth request for relief under 28 U.S.C. § 2255.  (ECF No. 1 at 11.)  In ruling on petitioner's Rule 36 motion, the court found that the imposition of separate assessments upon each of the three counts would constitute multiple punishments, and therefore reduced petitioner's assessment from $150.00 to a total of $50.00.  (ECF No. 1 at 12-13.)  Thus, petitioner's request to lift the stay,[2] reopen his underlying criminal case, appoint counsel, and allow petitioner to allocute anew in light of the July 19, 2013 order, is more appropriately raised in a § 2255 motion.

Interestingly, despite the multiple references to 28 U.S.C. § 2255 in the instant petition (ECF No. 1 at 4-5), petitioner fails to mention that he currently has a § 2255 motion pending in the Central District.  <u>United States v. Brim</u>, No. 8:93-cr-0098 LHM (C.D. Cal. July 19, 2013) (ECF No. 526).  Petitioner filed a § 2255 motion on June 5, 2017,[3] in which petitioner asks the Central District to entertain an amended § 2255 motion to correct sentencing errors unconstitutionally imposed.  No. 8:93-cr-0098 LHM (ECF No. 526 at 1.)  The government filed its opposition on April 15, 2019, and, following leave of court, petitioner filed an amended reply on June 17, 2019.  No. 8:93-cr-0098 LHM (ECF Nos. 547; 554).  As of September 18, 2019, no decision had yet been rendered.  <u>Id.</u>

Moreover, petitioner does not raise a claim of actual innocence, or argue that he has never had an 'unobstructed procedural shot' at presenting the claim.  Indeed, the record shows that he is

---

[1]  A court may take judicial notice of court records.  <u>See</u>, <u>e.g.</u>, <u>Bennett v. Medtronic, Inc.</u>, 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

[2]  It appears that petitioner refers to the Ninth Circuit order affirming his conviction on the conspiracy count, but vacating and staying his sentences on the remaining two counts.  <u>See</u>, <u>e.g.</u>, No. 8:93-cr-00098-LHM (ECF No. 483 at 5), citing <u>United States v. Brim</u>, 129 F.3d 128 (9th Cir. 1997).

[3]  On March 16, 2018, the Ninth Circuit issued an order stating that the July 19, 2013 order granting petitioner's motion under Rule 36 should be treated as an amended judgment, and therefore it was not necessary for petitioner to seek authorization to file a second or successive § 2255 motion.  No. 8:93-cr-00098-LHM (ECF No. 525 at 1).

pursuing such relief at this very moment.  In addition, to the extent petitioner is pursuing relief here due to a perceived delay in ruling on his § 2255 motion in the Central District, such delay warrants no exception.  The Ninth Circuit has expressly held that "delay in the resolution of a section 2255 motion does not entitle [petitioner] to bypass section 2255 in favor of section 2241. . . ." Pirro, 104 F.3d at 300.

For all of the above reasons, the instant petition should be dismissed for lack of jurisdiction.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 23, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/brim1682.156f

4